Isaac D. Zorea
Law Office of Isaac Derek Zorea
P.O. Box 210434
Anchorage, AK 99521
(907) 644-2802
(800) 536-1071 facsimile
E-mail: Eyedz@gci.net

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

EMILY ROSEBERRY,                                      )
                                                      )
        Plaintiff,                          )
                                                      )
    vs.                                           )
                                                      )
PAULINE HARVEY, in her official capacity and          )
individual capacity, as North Slope Borough           )
School District Superintendent; QAIYAAN               )
HARCHAREK, in his individual capacity as a            )
member of North Slope Borough School District         )
School Board; and NORTH SLOPE BOROUGH                 )
SCHOOL DISTRICT.                                      )
                                                      ) Case No. 4:20-cv-
        Defendant.                          )
_____              )

## COMPLAINT FOR DAMAGES

COMES NOW, Emily Roseberry, the plaintiff above named, by and through her attorney, Isaac Derek Zorea, and complains as follows:

## I. JURISDICTION AND VENUE

1.1.  At all relevant times, plaintiff, Emily Roseberry, was a resident of the Fourth Judicial District, State of Alaska, and was employed by the Qargi Academy, a Charter school operating within the North Slope Borough School District.

1

1.2.   At all relevant times, defendant, Pauline Harvey, Superintendent of the North Slope Borough School District, had final decision making authority for personnel employed at the Non-Charter Schools within the District.

1.3.   At all relevant times, defendant, Qaiyaam Harcharek, was a member of the North Slope Borough School District Board of Education.

1.4.   The North Slope Borough School District is a public school within the State of Alaska.

1.5.   Venue is proper in the Fourth Judicial District.

## II.  <u>FACTUAL ALLEGATIONS</u>

2.1.   The Plaintiff, Emily Brower Roseberry, is a former teacher and principal who had worked for the North Slope Borough School District (NSBSD), first as a teacher and later as a school principal.  Her years working for the NSBSD dated back to 2001 and stretched to 2019.

2.2.   In June 2019, Mrs. Roseberry resigned her job with the NSBSD. During this period she helped draft an application for a Charter School, named Qargi Academy.  The Qargi Academy was designed to be different from the traditional learning available at the NSBSD.  It was designed to cater to the Inupiaq students within NSBSD, focusing on a return to traditions and culturally significant learning needs.

2.3.   With the assistance of her husband, Mark Roseberry, also an educator, holding administrative licences in Alaska, Mrs. Roseberry reviewed the Alaska Statutes and regulations relevant to a charter school.  Mr. and Mrs. Roseberry carefully drafted the Qargi Academy application, complying with all licensing requirements, per 4 AAC 33.110, and on March 5, 2020 gained approval of the Qargi Academy by the North Slope Borough School District's Board of Education.

2.4.    As Mrs. Roseberry understood it, per Alaska Statute § 14.03.255(a), the Qargi Academy would operate like a school in the NSBSD, except that it was exempt from NSBSD's textbooks, programs, curriculum, and scheduling requirements.  Also, the Qargi was exempt from the authority under Alaska Statute § 14.14.130(c), which established the NSBSD's Superintendent.

2.5.    At all relevant times to this lawsuit, the NSBSD's Superintendent was Defendant Pauline Harvey, who, per AS § 14.14.130(c), had authority over the administration of all the schools in the NSBSD except for Qargi Academy.  Per Alaska Statute § 14.03.255(a)(2), the administrative control for the Qargi Academy resided with its Principal.  The Qargi Academy principal was to be selected by the school's academic policy committee (APC).  Once selected, the Qargi Principal was authorized to select, appoint, or otherwise supervise employees of the charter school.

2.6.    On or about May 29, 2020, the Charter School Agreement between the North Slope Borough School District and the Qargi Academy was signed by the Members of the North Slope Borough School District Board of Education (School Board).

2.7.    Prior to the final approval of the Qargi Academy, on May 3, 2020, the APC selected Emily Roseberry as Qargi Principal.  The North Slope Borough School District Board of Education provided its *pro forma* approval of Mrs. Roseberry's contract on May 13, 2020.  Mrs. Roseberry accepted the position, and her first day as Qargi Principal was July 13, 2020.

2.8.    Plaintiff Emily Roseberry, was selected as Qargi Principal by the APC, in accordance with Alaska Statute § 14.03.255(a)(2), the Qargi Academy's Contract with the NSBSD Board of Education, and the Qargi Academy APC Bylaws.  Per Alaska Statute § 14.03.255(a)(2), the Qargi Principal was specifically not selected by Superintendent Harvey.  Further, per Qargi Academy APC Bylaws,

Superintendent Harvey was not authorized to oversee, supervise, or terminate the contract of Qargi Principal Roseberry. All authority over Principal Roseberry resided solely with the Qargi Academy APC.

2.9. The Qargi Academy Contract stipulated that the Academy's charter was initially for a four year duration. When Plaintiff Emily Roseberry was selected by the Qargi APC to be the Academy's principal she fully expected that she would remain with the school for at least its initial four year contract duration. The Qargi Academy Bylaws stipulated that Mrs. Roseberry's position as its Principal was subject to termination only by a quorum vote of the APC.

2.10. Shortly after beginning her duties as Qargi Principal, Ms. Roseberry identified contract compliance issues concerning the statutory independence between Qargi Academy and the NSBSD. Contributing to this confusion, the NSBSD's Chief Financial Officer Fadil Limani presented substantial challenges to the independent operation of the Qargi Academy. Ms. Roseberry understood that this obstruction occurred intentionally at the direction of Superintendent Pauline Harvey.

2.11. Specifically, during the middle of August 2020, Mrs. Roseberry, acting as Qargi Academy Principal, made many attempts to obtain full access to the Academy bank account, so as to perfect her obligations to the APC under Alaska Statute § 14.03.255(b), and as laid out in the Qargi Academy APC Bylaws, Article VI, Section 2. In response to her requests, CFO Limani, at the direction of Superintendent Harvey actively limited Principal Roseberry's access to financial records and limited her authority to act pursuant to Alaska Statutes and APC Bylaws.

2.12. On Sunday, September 6, 2020, at 6:20pm, Superintendent Pauline Harvey sent a text message to Ms. Roseberry telling her that she received a text message from an anonymous source claiming that a Qargi teacher was involved in an inappropriate sexual relation with a student under 18 years old. At the time that

COMPLAINT FOR DAMAGES:
ROSEBERRY V. HARVEY, ET AL.                                    PAGE - 4 -

Superintendent Harvey sent her text to Principal Roseberry, Harvey was at her home in Utqiagvik, Alaska while Roseberry was out of town on business in Wainwright, Alaska.

2.13.    Per Alaska Statute § 47.17.020(a)(2), upon receiving the text that alleged abuse between a Qargi Academy teacher and a student within the NSBSD, Superintendent Pauline Harvey had an affirmative duty to report to the Office of Children's Services (OCS) *if* she had "reasonable cause to suspect that a child has suffered harm as a result of child abuse."  Further, per Alaska Statute § 47.17.020(g), Superintendent Harvey was not "relieved of the obligation to report" by the act of reporting the information to another individual.

2.14.    Based on the text that Superintendent Harvey received on September 6, 2020, she received knowledge that a student in her district was possibly involved in an inappropriate sexual relationship with a teacher.  The duty to report found in Alaska Statute § 47.17.020 focuses on the student suffering harm.  As such, when Superintendent Harvey received an anonymous text about an alleged relationship, she had an obligation, and nondelegable duty to obtain information about the student to report his/her information to OCS.  It is believed that Superintendent Harvey failed to immediately contact the alleged victim, nor did she directly contact OCS about the information she received from an anonymous text to her.

2.15.    During the September 6, 2020 text exchange with Superintendent Harvey, Mrs. Roseberry requested whether there existed any evidence to support the alleged relationship.  Superintendent Harvey provided no information, and specifically told Mrs. Roseberry "you can do what you need to with the info." Superintendent Harvey also wrote to Roseberry "I will leave it in your hands...passing on a concern."  After refusing to provide the phone number for the source, Superintendent Harvey wrote to Mrs. Roseberry: "so I would chat with" the

1    teacher.

2       2.16.    After receiving the text message from Superintendent Harvey, Mrs.

3    Roseberry contacted NSBSD Human Resource Manager Naomi Digitaki the

4    following morning, informing her of what she learned.  Per the Qargi Contract with

5    the NSBSD, Qargi Academy shared the services of Ms. Digitaki.  As such, on

6    September 7, 2020 Mrs. Roseberry sent an instruction to Ms. Digitaki asking her to

7    investigate the allegation against the Qargi teacher.  Ms. Digitaki immediately started

8    an investigation into the matter and discovered that the matter had been investigated

9    by OCS between March 2020 and June 2020.  In June 2020, the investigation into the

10   Qargi teacher and NSBSD student was closed.  No arrests or further investigation

11   occurred into the Qargi teacher.

12      2.17.    Mrs. Roseberry was conducting Qargi Academy business in

13   Wainwright, Alaska between September 5, 2020 until September 12, 2020.

14   Nonetheless, she was in contact with her Qargi Administrative Assistant Kawa

15   Danner during the time that she was in Wainwright, Alaska.  Also, Mrs. Roseberry

16   was updated by Ms. Digitaki concerning the ongoing investigation into the allegation

17   against the Qargi teacher.

18      2.18.    On September 8, 2020, during normal text conversations between

19   Kawa Danner, who was working at the Qargi Academy, and Mrs. Roseberry, as

20   Qargi Principal, Ms. Danner stated that she needed to report something student "W"

21   reported to her "several months ago."  Ms. Danner continued her text saying that

22   "W" had heard of an inappropriate incident between the Qargi teacher and an

23   NSBSD student.  Ms. Danner stated that "W" had mentioned the information months

24   ago, was not believed, and actually got in trouble for lying about it.  In the same text

25   thread, Ms. Danner stated that she needed to quit her administrative assistant job

26   because she was having trouble with computers.

27

28   COMPLAINT FOR DAMAGES:
     ROSEBERRY V. HARVEY, ET AL.                                    PAGE  - 6 -

2.19.    The text thread between Mrs. Roseberry and Kawa Danner indicated that Roseberry did not immediately respond to Danner's text on September 8, 2020, but when she did she wrote "I am sorry to see you go."  Ms. Danner agreed to work for the next two weeks before quitting her job.  On September 11, 2020, Ms. Danner sent a follow up text message to Mrs. Roseberry stating that she spoke to the NSBSD district attorney about the information she had about the Qargi teacher and she also contacted the police to file a report.  Mrs. Roseberry, knowing that Ms. Digitaki had already been investigating the allegation against the Qargi teacher for the last four days, replied to Ms. Danner by writing: "thank you for your disclosure."

2.20.    On September 15, 2020, Mrs. Roseberry noticed that Kawa Danner, despite saying that she would remain at her job until September 22, 2020, was not coming into work – on multiple days.  Further, Ms. Danner was not informing Mrs. Roseberry that she was not going to show up to work.  Toward addressing the attendance issue with Ms. Danner, Mrs. Roseberry sent an email asking that Danner make sure she is showing up at the Qargi campus to do her work, rather than working from home.

2.21.    In response to Mrs. Roseberry's September 15, 2020 email, Ms. Danner sent a threatening text message at 3:31pm, the same day.  Ms. Danner's text to Mrs. Roseberry stated the following: "Why are you trying to get me in trouble with HR? After everything I've done for this charter school?  Okay, I will also go through HR with everything I have witnessed here. This is not fair to me."

2.22.    On September 15, 2020, at 5:05pm, Ms. Danner sent an email to NSBSD HR manager Naomi Digitaki, Superintendent Pauline Harvey and Roseberry.  In this email, Ms. Danner falsely claimed that Mrs. Roseberry "instructed" her to "not report suspected child abuse of a minor" by one of Qargi's teachers.  Ms. Danner also identified seven additional complaints against Mrs.

COMPLAINT FOR DAMAGES:
ROSEBERRY V. HARVEY, ET AL.                                    PAGE  - 7 -

Roseberry – all of which were baseless and sent in retaliation of Mrs. Roseberry's earlier text message.

2.23.    In the September 15, 2020 email that Ms. Danner sent to Ms. Digitaki and Superintendent Harvey, she presented specific false allegation stating that Mrs. Roseberry had made harmful statements about Defendant Qaiyaan Harcharek, who was on the NSBSD Board of Education, and eventually became the Board of Education's President.

2.24.    On September 15, 2020, at 5:09pm, four minutes after sending her complaint against Mrs. Roseberry to Superintendent Harvey and Ms. Digitaki, Ms. Danner forwarded the complaint to Qaiyaan Harcharek and Robyn Burke, another member of the NSBSD Board of Education.  In her email to Defendant Harcharek, Ms. Danner stated that she "assumed" that the allegations against Mrs. Roseberry would "be swept under the rug." By 5:56pm, that same night, Superintendent Harvey was informed by Board of Education President Muriel Brower, that all the board members had received the complaint.  District Attorney Allen Clendaniel was copied on the email.

2.25.    On September 16, 2020, at 1:19pm, only four business hours after sending her initial complaint, Ms. Danner notified Superintendent Harvey and Ms. Digitaki (but not Mrs. Roseberry) that she was "not confident that" her September 15, 2020 complaint would be addressed "appropriately" or brought to the attention of the NSBSD Board of Education, and so she filed a "complaint to the State of Alaska" alleging, falsely, that Mrs. Roseberry's conduct had violated the Code of Ethics and Teaching Standards.  Ms. Danner attached to her email, the complaints she filed with the State of Alaska – even though, such complaints specifically state on the complaints that they must remain confidential.

COMPLAINT FOR DAMAGES:
ROSEBERRY V. HARVEY, ET AL.                                        PAGE  - 8 -

2.26.    On September 16, 2020, at 2:44pm, Ms. Digitaki emailed to Superintendent Harvey, Muriel Brower, Robyn Burke and the NSBSD's attorneys, an "update on how HR has handled the allegations against" the Qargi teacher.  In her email, Ms. Digitaki outlined that Mrs. Roseberry had first informed her of the allegations against the Qargi teacher on September 7, 2020 (labor day weekend).  Ms. Digitaki stated that she met with the Qargi teacher on September 8, 2020.  At the meeting the Qargi teacher pointed out that the allegations against her had been investigated by OCS and Utqiagvik Police and all allegations were dismissed.  Ms. Digitaki confirmed that both the Police and OCS verified the Qargi teacher's claims.

2.27.    On September 17, 2020, Ms. Digitaki forwarded to Mrs. Roseberry the email that she sent the previous day to Superintendent Harvey, updating her on the Qargi teacher investigation.

2.28.    On September 23, 2020, Mrs. Roseberry received copies of the complaints that Ms. Danner had submitted to the State of Alaska.  On the same day, Mrs. Roseberry received notification that Qaiyaan Harcharek had also submitted a complaint to the State of Alaska against Mrs. Roseberry.  Defendant Harcharek's complaints against Mrs. Roseberry contained nothing that was new from Ms. Danner's complaint.  In fact, Defendant Harcharek premised his complaint to the State of Alaska solely on hearsay, and false statements, by Ms. Danner.

2.29.    Shortly after Mrs. Roseberry returned to Utqiaġvik, she learned that Superintendent Harvey instructed Ms. Digitaki to place the Qargi teacher on administrative leave, even though OCS confirmed to Digitaki that its case against the Qargi teacher, relating to the same unfounded rumors, had been closed.  This conduct by Superintendent Harvey violated the Qargi Contract with the NSBSD, which stated that the Qargi Principal (Mrs. Roseberry) was responsible for the hiring and firing of Qargi staff – subject only to the APC.

2.30.    Also, after returning to Utqiaġvik, Mrs. Roseberry noticed many other instances where the NSBSD Superintendent, Defendant Pauline Harvey, interfered with the contractual prerogatives that the Qargi Contract, APC Bylaws, and State Statutes vested in her as the Principal of the Academy.  Among these problems, Superintendent Harvey's prohibited Ms. Digitaki from sharing with Roseberry information concerning the investigation into the Qargi teacher.  Additionally, the Qargi Contract stipulated that the NSBSD would open a specially designated account for Qargi's budget to go into, and it stipulated that the Qargi Principal and the NSBSD CFO would be the signers on the account.  Superintendent Harvey refused to put Mrs. Roseberry's name on the Qargi accounts.

2.31.    During the interactive process between Mrs. Roseberry and Superintendent Harvey concerning the NSBSD's obstruction of Qargi's ability to operate its charter, Mrs. Roseberry was contacted on September 18, 2020 by NSBSD attorney Bonnie Bull, who requested her participation into an investigation of Ms. Danner's complaints.

2.32.    Despite the fact that Alaska Statute § 14.03.255(a)(2) specifically exempted a charter school from the control of a district superintendent, Mrs. Roseberry agreed to provide a response to Superintendent Harvey's investigation questions, although at no time did Mrs. Roseberry view the questioning by Ms. Bull to be any type of disciplinary hearing.  At all times, Mrs. Roseberry understood that she could only be terminated, or otherwise disciplined, by a quorum of Qargi APC members.

2.33.    On September 28, 2020, Mrs. Roseberry attended a zoom meeting setup by Ms. Bull, during which she answered the district's questions asked of her.

2.34.    After the September 28, 2020 zoom meeting, Mrs. Roseberry continued her efforts to get the district to recognize the independence of the Qargi Academy, without great success.

2.35.    On October 17, 2020, Mrs. Roseberry learned that the NSBSD's investigation into Ms. Danner's complaints had been completed.  She emailed Superintendent Harvey requesting a copy of the investigation results and copies of all recorded materials associated with the investigation.  On October 19, 2020, Ms. Bull responded to Mrs. Roseberry's request for the investigation, stating that she would have a response to the request within a week.  Ms. Bull also stated that Superintendent Harvey was conducting a separate investigation of a new complaint against her.

2.36.    On October 19, 2020, responding to Ms. Bull's statement that new complaints had been made against her, Mrs. Roseberry directed her response to Superintendent Harvey, Ms. Bull, and the Qargi APC.  In her response, Mrs. Roseberry pointed out that Superintendent Harvey has for the second time instituted an investigation initiated by Qargi personnel rather than directing the complaint to Mrs. Roseberry as required by Qargi APC Bylaws and AR 4144.  Mrs. Roseberry pointed out that Superintendent Harvey was violating her due process rights by investigating Qargi complaints rather than allowing these complaints to be processed according to the Charter contract.

2.37.    On October 26, 2020, Mrs. Roseberry was informed by Qargi APC President Crawford Patkotak, that he had been contacted by Superintendent Harvey.  She informed him that the Board tasked her to fire Roseberry from her position as Qargi Principal.  Additionally, Mr. Patkotak stated that APC Members had been contacted directly by Qaiyaan Harcharek who informed them that an investigation was happening on Mrs. Roseberry.

COMPLAINT FOR DAMAGES:
ROSEBERRY V. HARVEY, ET AL.                                    PAGE - 11 -

2.38.    On October 26, 2020, Mrs. Roseberry finally received a copy of the NSBSD's Investigation Report into Ms. Danner's complaints.  Upon review of the report, Mrs. Roseberry instantly realized that the report had been completed back on October 12, 2020 but not shared with her until two weeks later.  Additionally, Mrs. Roseberry noticed that the Superintendent had authorized that the report be shared with the entire NSBSD Board of Education, even though this body is not involved with personnel decisions.  Also, per Qargi Charter, the NSBSD Board of Education acts as the appellate body for Mrs Roseberry if the Qargi APC opted to terminate her contract.  By sharing the Investigation Report, Superintendent Harvey poisoned any option Mrs. Roseberry had to avail herself of an unbiased School Board review.

2.39.    Mrs. Roseberry observed that Ms. Bull's Investigation Report contained numerous slanderous and clearly incorrect statements.  Most egregiously, the report falsely stated that Mrs. Roseberry violated NSBSD Board policies, regulations and Alaska Statutes by failing to report the allegations against the Qargi teacher.  The statements within the report were unquestionably false, slanderous and a clear violation of Mrs. Roseberry's due process rights.  Significantly, Superintendent Harvey chose to publish Ms. Bull's slander to the NSBSD's Board of Education and to do so, two weeks before sharing the report with Mrs. Roseberry.

2.40.    On November 18, 2020, Mrs. Roseberry, through her legal counsel, sent a response to Superintendent Harvey's Investigation Report and also responded to the request for cooperation with the second complaint against Mrs. Roseberry.  In her response, Mrs. Roseberry pointed out that the Superintendent was not authorized to investigate complaints from Qargi employees.  Further, she pointed out that the Investigation Report was slanderous.  Mrs. Roseberry gave Superintendent Harvey an opportunity to correct the record that had been submitted to the NSBSD Board of Education or a lawsuit would follow.

2.41.    In her November 18, 2020 letter, Mrs. Roseberry articulated to the NSBSD that Superintendent Harvey was clearly impeding the ability of Qargi Academy to effectuate its Charter.  The letter Mrs. Roseberry issued to Superintendent Harvey was structured as an official complaint on a matter of public concern.  The public concern at issue was the effective management of the Qargi Academy, which was unable to operate when Superintendent Harvey refused to recognize the fact that Qargi's principal had authority vested by the Alaska Statutes, Charter Contract and APC Bylaws, and that these authorities were being ignored by the Superintendent, through her Official position as a public employee.

2.42.    In response to Mrs. Roseberry's November 18, 2020 letter, Superintendent Harvey directed that a letter be sent to Mrs. Roseberry.  In this November 30, 2020 letter, the NSBSD ignored the public policy complaints in the November 18, 2020 letter and instead informed Mrs. Roseberry that she was being directed to participate in an investigatory conference to address the merits in the second complaint against her by a Qargi employee.  Mrs. Roseberry had previously stated in her November 18, 2020 letter that the Superintendent lacked authority to oversee Qargi employee complaints.

2.43.    In the district's November 30, 2020 letter, Mrs. Roseberry was informed that the investigatory interview was investigating matters that could lead to her termination.  The district stated, falsely, that it was Mrs. Roseberry's employer, even though Qargi's APC hired her, and that she had the rights available per *NLRB v. J. Weingarten, Inc.*.  The letter further stated that Mrs. Roseberry was required to participate in the investigatory hearing.

2.44.    On December 2, 2020, Mrs. Roseberry had her attorney decline the demand that she participate in the Investigatory Hearing.  The December 2, 2020 letter stated that the Superintendent did not have supervisory authority over her

COMPLAINT FOR DAMAGES:
<u>ROSEBERRY V. HARVEY, ET AL.</u>                                    PAGE  - 13 -

position, given that she was hired by the Qargi APC.  Mrs. Roseberry informed Superintendent Harvey that she was forwarding her response to the Qargi APC.  The letter additionally reiterated the Superintendent's violations concerning the Qargi, as laid out in the November 18, 2020 letter.  Mrs. Roseberry stated that she was open to an interactive dialogue concerning clarifying the relationship between the NSBSD and Qargi Academy, but she would not participate in a disciplinary hearing scheduled by the Superintendent.

2.45.    On December 15, 2020, Mrs. Roseberry received a Notice of Proposed Termination sent at Superintendent Harvey's direction.  In addition to giving Mrs. Roseberry a Notice of Termination, Superintendent Harvey, relying on her authority under State law, declared that Mrs. Roseberry was placed on administrative leave, and immediately relieved of all duties.  Superintendent Harvey further stated that Mrs. Roseberry was not authorized to take any action on behalf of the Qargi Academy.

2.46.    On December 16, 2020, Mrs. Roseberry directed a response to her Notice of Termination.  In her response, Mrs. Roseberry pointed out that she was hired by the Qargi APC, not Superintendent Harvey.  Further, Mrs. Roseberry referenced Alaska Statute § 14.03.255(a)(2), claiming that Qargi employees were specifically exempted from control by the Superintendent.  Mrs. Roseberry further pointed out that until terminated by Qargi APC, she believed she was still the Principal and awaited to hear otherwise from the APC.

2.47.    On December 18, 2020, Superintendent Harvey directed that a letter be sent to Mrs. Roseberry informing her that the NSBSD had held a pretermination hearing, even though Mrs. Roseberry did not attend and the hearing was not requested by, or attended by, any members of the Qargi APC.

COMPLAINT FOR DAMAGES:
ROSEBERRY V. HARVEY, ET AL.                                              PAGE - 14 -

2.48.    On December 21, 2020, Superintendent Harvey directed that a letter be sent to Mrs. Roseberry providing her a Notice of Termination.  In her Notice of Termination, Superintendent Harvey made no reference to providing notice or input from Qargi APC.  Further, the justification provided by the NSBSD was specifically based on defamatory statements and a complete misunderstanding of the Qargi Charter Contract.  The Notice of Termination, drafted on December 21, 2020, was sent to Mrs. Roseberry on December 22, 2020.

2.49.    During the time that Superintendent Harvey issued her pretermination hearing and her termination hearing, Mrs. Roseberry was in direct contact with Qargi APC.  She was informed by the Qargi APC that it had not terminated her employment.  Further, the Qargi APC undertook to obtain independent legal counsel to advise it on the clear encroachments by the NSBSD into the rights and prerogatives of the APC.

2.50.    Between December 15, 2020 and January 5, 2021, Mrs. Roseberry continued to work as Qargi Principal, at the direction of Qargi's APC, while the APC worked toward challenging Superintendent Harvey's actions.  However, Superintendent Harvey issued a statement to the Qargi APC stating that it did not have any budgetary resources for hiring an independent attorney to address the district's violations of the Qargi Contract.  Further, on January 5, 2021, Superintendent informed the Qargi APC that she had appointed an interim Principal for Qargi.

2.51.    On January 13, 2021, Superintendent Harvey met with Qargi APC to formally inform the APC that she had terminated Mrs. Roseberry's employment and replaced her with another Principal.  At the meeting, Superintendent Harvey made no excuses for why she failed to consult or seek Qargi's APC approval before terminating Mrs. Roseberry.

COMPLAINT FOR DAMAGES:
ROSEBERRY V. HARVEY, ET AL.                                    PAGE  - 15 -

2.52.    In addition to appointing a new principal for Qargi, Superintendent Harvey specifically directed that the NSBSD was not permitted to make any payments to Mrs. Roseberry.

2.53.    This lawsuit has been filed based on the egregious and illegal conduct by Superintendent Harvey, which was undertaken at the insistence of Qaiyaan Harcharek, who specifically ordered both Harvey and the Qargi APC to terminate Mrs. Roseberry's employment.

### III.  CLAIM FOR RELIEF

**A.    VIOLATION OF 42 USC 1983: FIRST AMENDMENT AND DUE PROCESS VIOLATIONS BY NSBSD  SUPERINTENDENT HARVEY.**

3.1.    Emily Roseberry incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.53.

3.2.    Plaintiff Emily Roseberry affirms, and states, that she agreed to employment for the 2020 and 2021 school year as Qargi Academy's School Principal.

3.3.    Plaintiff Emily Roseberry affirms, and states, that she was hired by the Academic Policy Committee of Qargi Academy, in compliance with Alaska Statutes, Qargi Charter Contract and APC Bylaws.

3.4.    Plaintiff Emily Roseberry affirms, and states, that as a public employee for Qargi Academy, she possessed a property interest in her continued employment.  Further, she states that her enjoyment in the property right to her job, also entitled her to enjoy this right without interference from other governmental agents, except by due process of law.

3.5.    Plaintiff Emily Roseberry affirms, and states, that as a public employee she was entitled to all the protections afforded her by the First Amendment

to the United States Constitution. She further states that it is illegal retaliation for a governmental agent to discipline her employment, or otherwise interfere with her exercise of First Amendment protections, especially when speaking on matters of public concern.

3.6.     Plaintiff Emily Roseberry affirms, and states, that per Alaska Statute § 14.03.255(a)(2), and North Slope Borough School District Board of Education policy 4000 and 6181, Charter schools, like Qargi Academy, are not under the direction or control of the District's Superintendent.

3.7.     Plaintiff Emily Roseberry affirms, and states, that at the time she was hired by Qargi's APC, she was not otherwise an employee of the North Slope Borough School District. Further, when Mrs. Roseberry sought employment with Qargi Academy, there was no requirement that her employment was contingent on first being an employee of the District.

3.8.     Plaintiff Emily Roseberry affirms, and states, that during her employment as Qargi Academy Principal, she frequently, and often, spoke on matters of public concern with the NSBSD Superintendent, Defendant Pauline Harvey, identifying incidents where Harvey used her position of authority to hinder the effective management of Qargi Academy. Specifically by refusing to allow Mrs. Roseberry to have her name on Qargi banking accounts, refusing to allow Mrs. Roseberry to investigate complaints by Qargi employees, and otherwise interfering with Qargi Academy's independence as laid out in its Charter.

3.9.     Plaintiff Emily Roseberry affirms, and states, that on several occasions she made clear to Superintendent Pauline Harvey, that based on her understanding of Alaska Statutes, Qargi's Charter Contract and Qargi APC Bylaws, she did not believe that her position as Qargi Academy Principal was under the direction, review, or discipline from the position of NSBSD's Superintendent.

COMPLAINT FOR DAMAGES:
ROSEBERRY V. HARVEY, ET AL.                                              PAGE - 17 -

3.10.    Plaintiff Emily Roseberry affirms, and states, that on relevant occasions she made sure that Qargi's APC was aware of the unlawful interference by Superintendent Harvey and the fact that based on her interpretation of Alaska's Statute only the APC had the authority to terminate her contract with Qargi, and only she had the authority to manage the day to day activities of the Academy, with review only by the State of Alaska and the APC.

3.11.    Plaintiff Emily Roseberry affirms, and states, that by executing a Notice of Termination and informing Qargi APC that she had terminated Roseberry, Superintendent Harvey acted under color of State authority, and deprived Roseberry of her rights guaranteed by the First, Fifth and Fourteenth Amendments to the United States Constitution.

3.12.    Plaintiff Emily Roseberry affirms, and states, that Superintendent Harvey deprived her of her First Amendment Rights when she premised her Notice of Termination upon statements that Mrs. Roseberry made to the NSBSD to the effect that Harvey was interfering with Qargi Academy's rights to handle its own internal personnel issues, have the principal's name on the Qargi bank accounts, and that only the Qargi APC could terminate the Academy's principal.

3.13.    Plaintiff Emily Roseberry affirms, and states, that Superintendent Harvey deprived her of her rights under the Fifth and Fourteenth Amendments when she used her position of authority over NSBSD finances to unlawfully terminate Mrs. Roseberry's employment and appoint, on her own assumed authority, another individual to serve as Qargi's Principal.

3.14.    Plaintiff Emily Roseberry also affirms, and states, that Superintendent Harvey deprived her of her rights under the Fifth and Fourteenth Amendments when Superintendent Harvey authorized an investigation into complaints by a Qargi employee, and the Investigation Report contained clearly defamatory statements

about Mrs. Roseberry that Harvey then published to the NSBSD Board of Education, all the while knowing that the Board of Education was to act as the appellate body in any employee disputes between Qargi's Principal and its APC. By her actions, Mrs. Roseberry had no ability to obtain appellate review should the need have emerged.

3.13. As damages for the conduct alleged above, plaintiff, Emily Roseberry, seeks all remedies available under 42 USC § 1983, including but not limited to payment of all compensation, including future pay, penalties, liquidated damages, emotional harm, and attorney fees.

3.14. Additionally, as remedy for the conduct alleged above, plaintiff, Emily Roseberry seeks punitive damages against Superintendent Harvey for her offenses taken in her individual capacity.

**B.** <u>VIOLATION OF 42 USC 1983: DUE PROCESS VIOLATIONS BY NSBSD BOARD OF EDUCATION MEMBER QAIYAAN HARCHAREK .</u>

3.15. Emily Roseberry incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.53.

3.16. Plaintiff Emily Roseberry affirms, and states, that she agreed to employment for the 2020 and 2021 school year as Qargi Academy's School Principal.

3.17. Plaintiff Emily Roseberry affirms, and states, that she was hired by the Academic Policy Committee of Qargi Academy, in compliance with Alaska Statutes, Qargi Charter Contract and APC Bylaws.

3.18. Plaintiff Emily Roseberry affirms, and states, that North Slope Borough School District Board of Education member Qaiyaan Harcharek had knowledge of the Qargi Charter and was full aware that Mrs. Roseberry was hired by the Qargi APC, and could only be terminated by a quorum of Qargi APC members.

COMPLAINT FOR DAMAGES:
<u>ROSEBERRY V. HARVEY, ET AL.</u>                                    PAGE - 19 -

1    3.19.   Plaintiff Emily Roseberry affirms, and states, that despite having

2    direct knowledge into the terms and conditions within the Qargi Charter Contract,

3    Qaiyaan Harcharek used his authority, under color of State law, as a member of the

4    NSBSD Board of Education to call Qargi APC members, notify them there was a

5    district investigation into Mrs. Roseberry, and they should terminate her contract.

6    3.20.   Plaintiff Emily Roseberry affirms, and states, that despite having

7    direct knowledge into the terms and conditions within the Qargi Charter Contract,

8    Qaiyaan Harcharek used his authority, under color of State law, as a member of the

9    NSBSD Board of Education to direct Superintendent Harvey and order her to

10   terminate Mrs. Roseberry's contract with Qargi Academy.

11   3.21.   Plaintiff Emily Roseberry affirms, and states, that by his conduct,

12   which harmed Mrs. Roseberry's reputation and status within the community, Qaiyaan

13   Harcharek contributed to depriving Mrs. Roseberry of her property rights to the

14   position of Qargi Principal, and further destroyed her opportunity to due process

15   before the Board of Education, should she have had need to appeal a dispute between

16   herself and Qargi's APC.

17   3.22.   As damages for the conduct alleged above, plaintiff, Emily Roseberry,

18   seeks all remedies available under 42 USC § 1983, including but not limited to

19   payment of all compensation, including future pay, penalties, liquidated damages,

20   emotional harm, and attorney fees.

21   3.23.   Additionally, as remedy for the conduct alleged above, plaintiff,

22   Emily Roseberry seeks punitive damages against Qaiyaan Harcharek for his offenses

23   taken in his individual capacity.

24

25

26

27

28
COMPLAINT FOR DAMAGES:
ROSEBERRY V. HARVEY, ET AL.                                    PAGE  - 20 -

**C.** **VIOLATIONS OF STATE OF ALASKA WHISTLEBLOWER ACT, ALASKA STATUTE SECTION 39.90.100 - 90.139.**

3.24.    Plaintiff Emily Roseberry, incorporates all the facts and allegations listed above, specifically paragraphs 2.1 to 2.53.

3.25.    Plaintiff Emily Roseberry affirms, and states, that the North Slope Borough School District violated the Whistleblower Act when it allowed Superintendent Pauline Harvey to discharge her for speaking on matters of public concern related to Harvey's violation of Qargi's Charter Contract and Alaska Statutes.

3.26.    At all time relevant to this legal claim, Plaintiff Emily Roseberry was employed as a public employee, protected against retaliation and discrimination for reporting a matter of public concern, per AS § 39.90.100 - 39.90.150.

3.27.    During the time of her employment as a public employee, Pauline Harvey was the Superintendent for the North Slope Borough School District, with authority over all schools in the district, except Qargi Academy.

3.28.    At various times during her employment, Plaintiff Emily Roseberry brought to the attention of Superintendent Pauline Harvey various matters of public concern related to Harvey's, and the NSBSD's, interference with the operations of the Qargi Academy, a publicly available charter school catering to those individuals interested in Inupiaq traditions and culture.

3.29.    Plaintiff Emily Roseberry alleges that as a direct and proximate result of her decision to address the NSBSD's, and Superintendent Harvey's, interference with the Qargi Charter Contract, she suffered retaliation by Superintendent Harvey, which directly impacted the terms and conditions of her employment.

COMPLAINT FOR DAMAGES:
ROSEBERRY V. HARVEY, ET AL.                                    PAGE - 21 -

3.30.   Plaintiff Emily Roseberry alleges that as a direct and proximate result of her complaints about the NSBSD's compliance with the Qargi Contract bringing these concerns to Superintendent Harvey, she was retaliated against for acting under the Whistleblower Act. Superintendent Harvey's retaliation adversely impacted her contract with Qargi Academy, causing her severe and substantial damages, including financial loss, diminished earning capacity, litigation expenses including attorney fees, loss of reputation, public humiliation, embarrassment, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff, Emily Roseberry, requests judgment against defendant Superintendent Pauline Harvey, NSBSD Board of Education Member Qaiyaan Harcharek, and North Slope Borough School District, as follows:

1.   Full and complete payment by Defendants, jointly and individually, of all compensation and benefits Mrs. Roseberry would have earned in her position as Qargi Academy Principal, including future loss wages and benefits premised on her working the full duration of Qargi Academy's initial four year contract, based on the terms and conditions of his employment contract;

2.   Payment by Defendants, jointly and individually, for all emotional distress losses, future employment losses, losses to reputations, and all penalties permitted against them under Section 1983, but additionally any penalties and/or liquidated damages permitted under Alaska law or other federal law.

3.   Against Superintendent Pauline Harvey, in her individual capacity, Mrs. Roseberry seeks punitive damages based on the egregiousness of her actions.

COMPLAINT FOR DAMAGES:
ROSEBERRY V. HARVEY, ET AL.                                            PAGE  - 22 -

4.     Against NSBSD Board of Education Member Qaiyaan Harcharek, in his individual capacity, Mrs. Roseberry seeks punitive damages based on the egregiousness of his actions.

5.     Actual reasonable attorney fees permitted under 42 USC 1983, and 42 USC § 1988.

6.     Plaintiff Emily Roseberry further seeks such other relief as the court may deem just and proper based on the egregious nature of defendants' conduct.


Dated this 19th day of April 2021.

S/ Isaac Zorea
Law Offices of Isaac D Zorea
P.O. Box 210434
Anchorage, AK 99521
Telephone: (907) 830-1385
Facsimile:  (800) 536-1071
E-mail:  Eyedz@gci.net